

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00124-CR

FABIAN ARGUIJO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 222nd District Court
Deaf Smith County, Texas
Trial Court No. CR-13K-126, Honorable Roland D. Saul, Presiding

January 8, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Fabian Arguijo was convicted by jury of evading arrest with a motor vehicle and sentenced to ten years of imprisonment.[1]   His court-appointed appellate

---

[1] TEX. PENAL CODE ANN. § 39.04 (West 2013).

counsel has filed a motion to withdraw and an *Anders*[2] brief. We will grant counsel's motion to withdraw and affirm the judgment of the trial court.

In November 2003, appellant was charged via indictment with the felony offense of evading arrest with a motor vehicle. Prior to trial, appellant filed several motions attempting to suppress his confession. The trial court denied the motions following a hearing.

The State's evidence at trial showed appellant came to the courthouse to discuss his probation for another offense with his probation officer. He entered her office to do so. By that time, a motion to revoke appellant's probation had been filed and an arrest warrant had been issued. When a deputy arrived and told appellant he was under arrest, appellant pulled away and left the courthouse, ignoring warnings that he would be committing an offense if he did so. He entered his car and sped away.

Appellant testified to a contrary version of the events. He told the jury he left the probation office because he was "told that [he] wasn't under arrest and [he] was to be let go." He testified he walked out of the office with deputies following him. He denied being told he was under arrest or that he could not leave. He claimed parts of the probation officer's testimony and parts of the deputies' testimony were false. He further testified he turned himself in five days later.

---

[2] *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *see In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008).

The jury found appellant guilty as charged in the indictment and assessed punishment as noted. Appellant's motion for new trial was overruled by operation of law.

Following his conviction, appellant filed notice of appeal. Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and a brief in support pursuant to *Anders* in which he certifies that he has diligently reviewed the record and, in his professional opinion, under the controlling authorities and facts of the case, there is no reversible error or legitimate ground on which a non-frivolous appeal can arguably be predicated. The brief discusses in detail the procedural history of the case and the events at trial. Counsel discusses the applicable law and sets forth the reasons he believes there are no arguably meritorious issues on which to appeal. Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has provided appellant a copy of the appellate record and informed him of his right to file a *pro se* response. *Kelly v. State,* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *Johnson v. State,* 885 S.W.2d 641, 645 (Tex. App.—Waco 1994, pet. ref'd). By letter, this Court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant filed a response, raising several issues.[3]

In conformity with the standards set out by the United States Supreme Court, we will not rule on counsel's motion to withdraw until we have independently examined the record. *Nichols v. State,* 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.). If

---

[3] After appellant filed his response, he submitted a letter requesting an extension of time. Because his response had already been filed, his motion for extension of time is dismissed as moot.

this Court determines the appeal arguably has merit, we will remand it to the trial court for appointment of new counsel. *Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App.1991).

By his *Anders* brief, counsel raises several grounds that could possibly support an appeal, but explains why he concludes none show arguably reversible error. He concludes the appeal is frivolous. We have reviewed each ground raised by counsel and made an independent review of the entire record to determine whether there are any arguable grounds which might support an appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *Bledsoe v. State*, 178 S.W.3d 824 (Tex. Crim. App. 2005). We have also considered appellant's *pro se* response. We have found no such arguable grounds supporting a claim of reversible error, and agree with counsel that the appeal is frivolous.

Accordingly, we grant counsel's motion to withdraw[4] and affirm the judgment of the trial court.

James T. Campbell<br>
Justice

Do not publish.

---

[4] Counsel shall, within five days after this opinion is issued, send appellant a copy of the opinion and judgment, along with notification of his right to file a *pro se* petition for discretionary review. TEX. R. APP. P. 48.4.